# EXHIBIT A

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
NELLY ZELAYA

E-FILED
5/16/2017 12:00:00 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV310262
Reviewed By:R. Walker

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| NELLY ZELAYA, on behalf of herself, all others similarly situated,<br><br>    *Plaintiff,*<br><br>vs.<br><br>FOOT LOCKER, INC., a New York corporation; FOOT LOCKER RETAIL, INC., a New York corporation; FOOT LOCKER CORPORATE SERVICES, INC., a Delaware corporation; FOOT LOCKER SPECIALTY,INC., a New York corporation; and DOES 1 through 100, inclusive,<br><br>    *Defendants.* | Case No.:   **17CV310262**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)<br>4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff Nelly Zelaya (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendants Foot Locker, Inc. ("Foot Locker"), a New York corporation; Foot Locker Retail, Inc. ("Foot Locker Retail"), a New York corporation; Foot Locker Corporate Services, Inc. ("Foot Locker Corporate Services"), a Delaware corporation; Foot Locker Specialty, Inc. ("Foot Locker Specialty"), a New York corporation; and Does 1 through 100, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

4.      Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately June 2015 through October 2016.

5.      Defendant Foot Locker is a corporation organized and existing under the laws of New York.

6.      Defendant Foot Locker Retail is a corporation organized and existing under the laws of New York.

7.      Defendant Foot Locker Corporate Services is a corporation organized and existing under the laws of Delaware.

8.      Defendant Foot Locker Specialty is a corporation organized and existing under the laws of New York.

9.      Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as Does 1 through 100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend the Complaint to allege the true names and capacities of the Doe defendants when ascertained.

10.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.     Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

12.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

13.     **Division**:  The division is defined to be any Foot Locker, Lady Foot Locker, kids Foot Locker and Footaction retail store locations.

14.     **Class Definitions:** The classes are defined as follows:

      A.     **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job at any **Division** with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

      B.     **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment at any **Division** in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

      C.     **CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment at any **Division** in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

15.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

      A.     Whether Defendants failed to comply with the requirements of 15 U.S.C 7001 section 101(c)(1)?

      B.     Wherein Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

C.   Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

D.   Whether Defendants willfully failed to identify the source of the credit report to be performed?

E.   Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

18.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

19.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

20.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by

permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22.    When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a one-page document entitled "Consent to Request Consumer Report & Investigative Report Information" ("Disclosure").

23.    The Disclosure contains the following language that are extraneous and superfluous that are unnecessarily included:

> I understand that **Foot Locker, Inc. and its subsidiary companies** ('Company') will use **Sterling InfoSystems Inc., 249 West 17th Street, New York, NY 10011, (877) 424-2457** to obtain a consumer report and/or investigative consumer report ("Report") as part of the hiring process. I also understand that if hired, COMPANY may, to the extent permitted by law, obtain additional Reports from STERLING for purposes of evaluating me for promotions, reassignment or retention as an associate.

> I understand **Sterling InfoSystems Inc.'s** ("STERLING") investigation may include obtaining information regarding my, character, general reputation, personal characteristics and standard of living and criminal record, subject to any limitations imposed by applicable federal and state law. I understand such information may be obtained through direct or indirect contact with public agencies or other persons who may have such knowledge. If an investigative consumer is being requested, I understand such information may be obtained through any means, including but not limited to personal interviews with my acquaintances and/or associates or with others whom I am acquainted.

> The nature and scope of the investigation sought is indicated by the services below:
> - Criminal Background Check
> - SSN Trace
> - Sex Offender Search

> I acknowledge receipt of the attached summary of my rights under the Fair Credit Reporting Act and, as required by law, any related state summary of rights (collectively "Summaries of Rights").

> This consent will not affect my ability to question or dispute the accuracy of any information contained in a Report. I understand if COMPANY makes a conditional decision to disqualify me based oall or in part on my Report, I will be provided with a copy of the Report and another copy of the Summaries of Rights, and if I disagree with the accuracy of the purported disqualifying information in the Report, I must notify COMPANY within five business days of my receipt of the Report that I am challenging the accuracy of such information with STERLING.

> I hereby consent to this investigation and authorize COMPANY to procure

a Report on my background.

In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all employment decisions are based on legitimate non-discriminatory reasons.

The name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is:

Sterling InfoSystems, Inc. | 249 W 17th St. 6th Floor, New York, NY 10011 | 877-424-2457 | or | 5750 West Oaks Boulevard, Ste. 100 Rocklin, CA 95765 | 800-943-2589 |

☐ **California, Maine, Massachusetts, Minnesota, New Jersey & Oklahoma Applicants Only:** I have the right to request a copy of any Report obtained by COMPANY from STERLING by checking the box. (Check only if you wish to receive a copy)

**NY Applicants Only:** I also acknowledge that I have received the attached copy of Article 23A of New York's Correction Law. I further understand that I may request a copy of any investigative consumer report by contacting STERLING. I further understand that I will be advised if any further checks are requested and provided the name and address of the consumer reporting agency.

**California Applicants and Residents:** If I am applying for employment in California or reside in California, I understand I have the right to visually inspect the files concerning me maintained by an investigative consumer reporting agency during normal business hours and upon reasonable notice. The inspection can be done in person, and, if I appear in person and furnish proper identification, I am entitled to a copy of the file for a fee not to exceed the actual costs of duplication. I am entitled to be accompanied by one person of my choosing, who shall furnish reasonable identification. The inspection can also be done via certified mail if I make a written request, with proper identification, for copies to be sent to a specified addressee. I can also request a summary of the information to be provided by telephone if I make a written request, with proper identification for telephone disclosure, and the toll charge, if any , for the telephone call is prepaid by or directly charged to me. I further understand that the investigative consumer reporting agency shall provide trained personnel to explain to me any of the information furnished to me; I shall receive from the investigative consumer reporting agency a written explanation of any coded information contained in files maintained on me. "Proper identification" as used in this paragraph means information generally deemed sufficient to identify a person, including documents such as a valid driver's license, social security account number, military identification card and credit cards. I understand that I can access the following website http://sterlinginfosystems.com/privacy to view STERLING'S privacy practices, including information with respect to STERLING's preparation and processing of investigative consumer reports and guidance as to whether my personal information will be sent outside the United States or its territories.

24.     Defendants' records admittedly indicates that they have conducted a background check on Plaintiff using the above-referenced forms.

### FIRST CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (By Plaintiff and the FCRA Class Against All Defendants)

25.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

26.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

27.     Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

28.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

29.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

30.     Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
> > (A) In general
> >
> > > Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> > >
> > > > a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for

employment purposes; and

i.      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

31.     Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

32.     Because Defendant's disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

33.     As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

34.     The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

35.     The Disclosure contains extraneous and superfluous information such as information pertaining to other jurisdictions such as Maine, Massachusetts, Minnesota, New Jersey and Oklahoma.  In addition, there is a specific section of the Disclosure that pertains to New York applicants only.

36.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

37.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

38.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

[W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

39.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

40.     By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

41.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are a large corporation with access to legal advice;

(b)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

42.     Defendants required a liability release, in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

43.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

44.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

45.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

46.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

damages, injunctive and equitable relief and attorneys' fees and costs.

47.　　In the alternative to Plaintiff's allegation that these violations were willful,

Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

48.　　Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

49.　　Section 1681d provides:

(a) Disclosure of fact of preparation
　A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–
(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(2) is ***made in a writing mailed, or otherwise delivered***, to the consumer, not later than three days after the date on which the report was first requested, and

(3) ***includes a statement informing the consumer of his right to request  the additional disclosures*** provided for under subsection (b) of this section *and **the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides:
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a ***complete and accurate disclosure of the nature and scope of the investigation requested***; (Emphasis Added).  This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

50.　　As alleged previously, because Defendants' disclosures do not meet the

requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written

requirement.

51.　　Moreover, even if Defendant's disclosures are deemed to satisfy Section

101(c)(1), Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

52.    Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required

The Commission shall prepare a ***model summary of the rights*** of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

(1)    the ***right of a consumer to obtain a copy of a consumer report*** under subsection (a) of this section from each consumer reporting agency;

(2)    the ***frequency and circumstances under which a consumer is entitled to receive a consumer report without charge*** under section 1681j of this title;

(3)    the right of a consumer to ***dispute information*** in the file of the consumer under section 1681i of this title;

(4)    ***the right of a consumer to obtain a credit score*** from a consumer reporting agency, and a description of how to obtain a credit score;

(5)    the ***method by which a consumer can contact, and obtain a consumer report from***, *a consumer reporting agency **without charge***, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)    the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

53.    Defendant did not comply with 1681g(c)(B)(1) because the disclosure did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

54.    Defendant did not comply with 1681g(c)(B)(2) because the disclosure did not state the  frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

55.    Defendant did not comply with 1681g(c)(B)(3) because the disclosure did not

state the right of a consumer to dispute information in the file of the consumer.

56.     Defendant did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

57.     Defendant did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

58.     Defendant did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

## THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class Against All Defendants)

59.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

60.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

61.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

62.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

    a consumer report in which information on a consumer's character,

    general reputation, personal characteristics, or mode of living is obtained

    through any means.

63.     Thus a background checks qualifies as an investigative consumer report under the ICRAA

64.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

    (i) An investigative consumer report may be obtained.

    (ii) The permissible purpose of the report is identified.

    (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

    (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

    (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

    (vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

65.    As alleged above, because Defendant's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

66.    The Reference Release Form (1) does not clearly and conspicuously state that a consumer report may be obtained for employment purposes; (2) contains extraneous and superfluous language; and (3) contains a liability release.

67.    The Driving Record Authorization form purportedly is limited to driving records but the actual language indicates that a consumer report may also be obtained. The Driving Record Authorization form (1) does not state clearly and conspicuously that a consumer report may be obtained for employment purposes due to the misleading title; (2) does not specifically state the identity of the person authorized to procure the consumer report.

68. As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

69. Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

70. Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

71. The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

72. By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

73. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

74. Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.

Defendants' willful conduct is reflected by, among other things, the following facts:

(e)   Defendants are large corporations with access to legal advice;

(f)   Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)   The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

75.   As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

76.   Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

77.   In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

### (Cal. Civ. Code § 1785 *et seq.*)

### (By Plaintiff and the CCRAA Class Against All Defendants)

78.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

79.   Defendants are "persons" as defined by Section 1785.3(j) of the Consumer

Credit Reporting Agencies Act ("CCRAA").

80.     Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

81.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: …(2) employment purposes…

Thus a credit report qualifies as a consumer credit report under the CCRAA.

82.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report***…

(Emphasis added.)

83.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

84.     The Reference Release Form and the Driving Record Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

85.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

86.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is

willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)     Defendants are large corporations with access to legal advice;

(i)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

87.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

88.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

89.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and FCRA, ICRAA and CCRAA Classes Against All Defendants)**

90.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

91.     Business and Professions Code section 17200 defines "unfair competition" to

include any unlawful business practice.

92.     Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

93.     Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

94.     Plaintiff and the **FCRA**, **ICRAA and CCRAA Class** re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

95.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

96.     Defendants have, or may have, acquired money by means of unfair competition.

97.     Defendants have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

**Relief Sought**

98.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

99.     Plaintiff is informed and believes that other similarly situated persons

1   have been subject to the same unlawful policies or practices of Defendants.

2       100.    Due to its unfair and unlawful business practices in violation of Federal and

3   California laws as alleged herein, Defendants have gained a competitive advantage over other

4   comparable companies doing business in the State of California that comply with their legal

5   obligations.

6       101.    Pursuant to <u>Business and Professions Code</u> section 17203, Plaintiff, on behalf of

7   himself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory

8   relief and restitution of all monies rightfully belonging to them that Defendants did not pay

9   them or otherwise retained by means of its unlawful and unfair business practices.

10      102.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

11  doctrine and/or the common fund doctrine, Plaintiff and the other members of the **FCRA,**

12  **ICRAA and CCRAA Class** are entitled to recover reasonable attorneys' fees in connection

13  with their unfair competition claims.

14                        **<u>PRAYER FOR RELIEF</u>**

15      WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for

16  relief and judgment against Defendants as follows:

17          A.  An order that the action be certified as a class action;

18          B.  An order that Plaintiff be appointed class representative;

19          C.  An order that counsel for Plaintiff be appointed class counsel;

20          D.  Statutory penalties;

21          E.  Civil penalties;

22          F.  Punitive damages;

23          G.  Injunctive relief;

24          H.  Costs of suit;

25          I.   Interest;

26          J.  Restitution;

27          K.  Reasonable attorneys' fees; and

28          L.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  May 15, 2017                    SETAREH LAW GROUP



BY _____

SHAUN SETAREH
Attorneys for Plaintiff,
NELLY ZELAYA

 **CT** Corporation

**Service of Process Transmittal**
05/22/2017
CT Log Number 531271984

**TO:** Dennis E Sheehan, Associate General Counsel
Foot Locker Inc.
330 West 34th Street
New York, NY 10001

**RE:** **Process Served in California**

**FOR:** Foot Locker Specialty, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NELLY ZELAYA, etc., Pltf. vs. FOOT LOCKER, INC., etc., et al., Dfts. // To: Foot Locker Specialty, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA Case # 17CV310262 |
| **NATURE OF ACTION:** | Violation of fair credit act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2017 at 12:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh SETAREH LAW GROUP 9454 Wilshire Boulevard Suite 907 Beverly Hills, CA 90212 310-888-7771 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0105194239 |
| | Image SOP |
| | Email Notification,  Dennis E Sheehan  DSHEEHAN@footlocker.com |
| | Email Notification,  James Schnittger  JSCHNITTGER@footlocker.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/22/2017
CT Log Number 531271383

TO:     Dennis E Sheehan, Associate General Counsel
Foot Locker Inc.
330 West 34th Street
New York, NY 10001

RE:     **Process Served in California**

FOR:    Foot Locker Retail, Inc.   (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nelly Zelaya, on behalf of herself, all others similarly situated, Pltf. vs. Foot Locker Inc., etc., et al., Dfts. // To: Foot Locker Retail, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Cover Sheet, Form |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 17CV310262 |
| **NATURE OF ACTION:** | Violation of Fair Credit reporting act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2017 at 13:05 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>Setareh Law Group<br>9454 Wilshire Boulevard<br>Suite 907<br>Beverly Hill, CA 90212<br>310-888-7771 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0105194239<br><br>Image SOP<br><br>Email Notification,  Dennis E Sheehan  DSHEEHAN@footlocker.com<br><br>Email Notification,  James Schnittger  JSCHNITTGER@footlocker.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
05/22/2017
CT Log Number 531271851

**TO:**    Dennis E Sheehan, Associate General Counsel
Foot Locker Inc.
330 West 34th Street
New York, NY 10001

**RE:**    **Process Served in California**

**FOR:**   Foot Locker Corporate Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nelly Zelaya, etc., Pltf. vs. Foot Locker, Inc., etc., et al., Dfts. // To: Foot Locker Corporate Services, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA Case # 17CV310262 |
| **NATURE OF ACTION:** | Failure to make proper disclosure in violation of the FCRA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2017 at 12:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>Setareh law Group<br>9454 Wilshire Boulevard<br>Suite 907<br>Beverly Hills, CA 90212<br>310-888-7771 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0105194239<br><br>Image SOP<br><br>Email Notification,  Dennis E Sheehan  DSHEEHAN@footlocker.com<br><br>Email Notification,  James Schnittger  JSCHNITTGER@footlocker.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / HP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.