ELIZABETH A. LEE (SBN: 312957)
elee@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone: 415-544-1900
Facsimile: 415-391-0281

WILLIAM C. MARTUCCI (*Pro Hac Vice*)
wmartucci@shb.com
KATHERINE SINATRA (*Pro Hac Vice*)
ksinatra@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547

Attorneys for Defendants,
FOOT LOCKER, INC.,
FOOT LOCKER RETAIL, INC.,
FOOT LOCKER CORPORATE, INC., and
FOOT LOCKER SPECIALTY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELLY ZELAYA, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOOT LOCKER, INC.; FOOT LOCKER RETAIL, INC.; FOOT LOCKER CORPORATE SERVICES, INC.; FOOT LOCKER SPECIALTY, INC., and DOES 1-100,<br><br>Defendants. | CASE NO. 5:17-cv-03279-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Date: April 26, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Dept.: Courtroom 4—5th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 26, 2018 at 9:00 a.m., in Courtroom 4—5th Floor of the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, defendants Foot Locker, Inc., Foot Locker Retail, Inc., Foot Locker Corporate Services, Inc., and Foot Locker Specialty, Inc. (collectively "Foot Locker") will hereby move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment, or in the alternative, for summary adjudication of the claims asserted by Plaintiff Nelly Zelaya ("Plaintiff") on the following grounds:

(1) Plaintiff's Fair Credit Reporting Act ("FCRA") claims fail as a matter of law because Foot Locker never procured a consumer report on Plaintiff and therefore Plaintiff cannot establish that a violation of FCRA occurred.

(2) Plaintiff's Investigative Consumer Reporting Agencies Act ("ICRAA") claims fail as a matter of law because Foot Locker never procured a consumer report or investigative consumer report on Plaintiff and therefore no violation of ICRAA's requirements occurred.

(3) Plaintiff's Consumer Credit Reporting Agencies Act ("CCRAA") claims fail as a matter of law because Foot Locker never procured a consumer credit report on Plaintiff and she cannot establish that she suffered any damages.

(4) Plaintiff cannot establish a claim under California's Business and Professions Code §§ 17200 et seq. ("UCL").  Plaintiff not only lacks standing, but because her predicate claims fail, her unfair competition claim also fails.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Separate Statement filed concurrently herewith, the Declaration of Alexis Trigo and exhibits thereto, all pleadings and papers on file in this action, and on such other matters as may be presented to the Court at the time of the hearing.

1 | Date: January 29, 2018              Respectfully submitted,
2
3                                       SHOOK, HARDY & BACON L.L.P.
4                                       */s/ Katherine R. Sinatra*
                                        Katherine R. Sinatra (admitted *pro hac vice*)
5                                       William C. Martucci (admitted *pro hac vice*)
                                        SHOOK, HARDY & BACON L.L.P.
6                                       2555 Grand Boulevard
                                        Kansas City, Missouri  64108
7                                       Tel: 816-474-6550
                                        Fax: 816-421-5547
8                                       E-mail:  ksinatra@shb.com
9                                                wmartucci@shb.com
10                                      and
11                                      Elizabeth A. Lee (SBN: 312957)
                                        SHOOK, HARDY & BACON L.L.P.
12                                      One Montgomery, Suite 2700
                                        San Francisco, California  94104-4505
13                                      Tel: 415-544-1900
                                        Fax: 415-391-0281
14                                      E-mail: elee@shb.com
15
16                                      ATTORNEYS FOR DEFENDANTS
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

    A.  Foot Locker's Use of Background Reports for Employment Purposes.................. 2

    B.  Plaintiff's Employment............................................................................................ 2

    C.  Plaintiff's Claims Against Foot Locker and Procedural History ............................ 3

III. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT ............................. 3

IV. LEGAL ARGUMENT .......................................................................................................... 4

    A.  Plaintiff's FCRA Claims Fail As a Matter of Law. ................................................ 4

    B.  Plaintiff's ICRAA Claim Fails As a Matter of Law. .............................................. 7

    C.  Plaintiff's CCRAA Claim Fails as a Matter of Law. .............................................. 8

    D.  Plaintiff Cannot Establish a Claim Under the UCL.............................................. 10

        1.  Plaintiff Lacks Standing to Assert a UCL Claim...................................... 10

        2.  Plaintiff's Predicate Claims Fail, Therefore Her UCL Claim Also Fails. ................................................................................................. 11

V.  CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                     **Page**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................4

*Berrellez v. Pontoon Solutions, Inc.*,
   No. 2:15-cv-01898, 2016 U.S. Dist. LEXIS 142174 (C.D. Cal. Oct. 16, 2016) ............................7

*Carvalho v. Equifax Info. Servs., LLC*,
   588 F. Supp. 2d 1089, 1099 (N.D. Cal. 2008), *affirmed by Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217 (9th Cir. 2010) (*amended by, reh'g denied by, reh'g en banc denied by, as moot Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010)) ...........................................................................................................................................10

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ................................................................4

*Cleveland v. Policy Mgmt. Sys. Corp.*,
   526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) ..............................................................4

*Espinosa v. Bluemercury, Inc.*,
   No. 16-cv-07202, 2017 U.S. Dist. LEXIS 41885 (N.D. Cal. Mar. 22, 2017) .................................5

*Harris v. Home Depot, Inc.*,
   No. 15-cv-01058, 2015 U.S. Dist. LEXIS 93576 (N.D. Cal. June 30, 2015) .................................5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ................................................................4

*Simo v. Union of Needletrades, Indus. & Textile Employees*,
   322 F.3d 602 (9th Cir. 2003) ..........................................................................................................3

*Singleton v. Domino's Pizza, LLC*,
   No. DKC 11-1823, 2012 U.S. Dist. LEXIS 8626 (D. Md. Jan. 25, 2012) .....................................5

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ..........................................................................................................4

**Statutes**

15 U.S.C. §§ 1681(d)(1)(B) and 1681a(e) ..........................................................................................5

15 U.S.C. § 1681b(b)(2) ......................................................................................................................5

15 U.S.C. § 1681b(b)(2)(A) ................................................................................................................4

15 U.S.C. § 1681b(b)(2)(A) ................................................................................................................5

15 U.S.C. § 1681d(a)(1) ..................................................................................................................6

15 U.S.C. § 1681g(c) .......................................................................................................................6

15 U.S.C. § 1681g(c)(B) ..................................................................................................................7

15 U.S.C. § 1681j(a)(1)(C) ..............................................................................................................7

Cal. Civ. Code § 1785.20.5(a) .........................................................................................................9

Cal. Civ. Code § 1785.31 .................................................................................................................9

Cal. Civ. Code § 1786.16(a)(2) ........................................................................................................8

Cal. Civ. Code § 1786.22 .................................................................................................................8

Cal. Civil Code § 1786.20 ................................................................................................................8

California Business and Professions Code §§17200 *et seq.* ....................................................1, 11

California Consumer Credit Reporting Agencies Act (Cal. Civ.
    Code § 1785 *et seq.*) ................................................................................................................1

California Investigative Consumer Reporting Agencies Act (Cal. Civ.
    Code § 1786 *et seq.*) ................................................................................................................1

California's Investigative Consumer Reporting Agencies Act .
    (Exhibit B ¶¶ 65-72) .................................................................................................................7

Consumer Credit Reporting Agencies Act ........................................................2, 3, 7, 9, 10, 11, 12

Fair and Accurate Credit Transactions Act of 2003 section 211(c) 1 ..............................................7

Federal Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*) .....................................................1

Labor Code Section 1024.5 subdivision (a) ....................................................................................9

**Rules**

Fed. R. Civ. P. 56 .........................................................................................................................3, 4

Fed. R. Civ. P. 56(e) ........................................................................................................................4

Local Rule 56.3 ................................................................................................................................2

Fed. R. Civ. P. 26(a)(1) ....................................................................................................................3

## I.  INTRODUCTION

This is a simple case to be decided as a matter of law.  Employers must obtain proper consent and provide proper notice to job applicants *prior* to obtaining consumer reports to evaluate them for employment purposes.  There is no genuine issue for trial in this case, however, because Foot Locker never obtained a consumer report for Plaintiff Nelly Zelaya.  All of Plaintiff's claims fail as a matter of law.

Plaintiff has brought this action against Foot Locker alleging that it violated the federal Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681 *et seq*.), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code  § 1786 *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785 *et seq*.) for acquiring credit and background reports in connection with her hiring process without providing proper disclosures and obtaining proper authorization.  (Complaint, ¶¶ 1-3) Plaintiff further claims that these violations amount to unfair competition within the meaning of California Business and Professions Code §§ 17200 *et seq*. ("UCL").  (*Id.*, ¶ 98)

Foot Locker employed Plaintiff as a part-time retail associate at one of its retail stores in California from approximately June 2015 to October 2016.  Plaintiff alleges that when she applied for employment, Foot Locker required her to fill out and sign a document entitled "Consent to Request Consumer Report & Investigative Report Information." (*Id*., ¶ 22)  Plaintiff contends Foot Locker's consent and disclosure documents were defective and contained unnecessary language in violation of the FCRA and ICRAA. (*Id*., ¶¶ 41, 47)  Plaintiff contends Foot Locker also violated the CCRAA's notice requirements by failing to make proper disclosures before procuring a consumer credit report for her.  (*Id.*, ¶¶ 83-85)  Ultimately, as a result of Foot Locker's alleged "illegal procurement of credit and background reports by way of [its] inadequate disclosures," Plaintiff claims that she and others "have been injured including, but not limited to, having their privacy and statutory rights invaded." (*Id.*, ¶¶ 45, 75)

Plaintiff's claims are fatally flawed, however, because it is indisputable that Foot Locker never procured or caused any kind of consumer report to be procured for Plaintiff.  Foot Locker does not obtain consumer reports on the majority of its retail workforce, including applicants such as

1  Plaintiff, for part-time employment. While Plaintiff may have authorized Foot Locker to procure a
2  consumer report, Foot Locker never did. Absent evidence that Foot Locker violated the FCRA,
3  ICRAA or CCRAA, all of Plaintiff's claims necessarily fail.
4        There are no genuine issues of material fact and Foot Locker requests that the Court grant
5  summary judgment dismissing all claims of Plaintiff against it and grant Foot Locker such other and
6  further relief to which it may be justly entitled.

7  **II.    STATEMENT OF FACTS[1]**

8  **A.    Foot Locker's Use of Background Reports for Employment Purposes**

9       1.    Foot Locker obtains consumer reports and/or investigative consumer reports
10 ("background reports") for applicants applying for certain positions, position changes and
11 promotions. (Declaration of Alexis Trigo, ¶ 3, attached at Exhibit A)

12      2.    Foot Locker does not obtain background reports for retail applicants seeking
13 employment as a part-time sales associate, except for sales leads who are part-time key holders. (*Id*.,
14 ¶ 4)

15      3.    The majority of Foot Locker's retail workforce consists of employees, for whom
16 background reports are not procured. (*Id*., ¶ 5)

17      4.    Foot Locker does not obtain background reports for everyone who authorizes one.
18 (*Id*., ¶ 6)

19      5.    When Foot Locker does obtain background reports for employment purposes, Foot
20 Locker uses a third party vendor, Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions. (*Id*., ¶ 7)

21 **B.    Plaintiff's Employment**

22      6.    Plaintiff was hired to work as an hourly, part-time associate in the State of California
23 from approximately June 2015 to October 2016. (Complaint, ¶ 4, attached at Exhibit B; Answer of
24 Defendant Foot Locker, Inc., ¶ 4, attached at Exhibit C)

25
26

27 [1] Defendants must accept many of Plaintiff's allegations as uncontroverted for the purposes of this Motion only, and, therefore, reserve the right to dispute any and all of these facts in future
28 proceedings, if any.

7. When Plaintiff was hired, she signed a document entitled "Consent to Request Consumer Report & Investigative Report Information." (Exhibit B, ¶ 22; Consent to Request Consumer Report & Investigative Report Information, attached at Exhibit D)

8. Foot Locker never procured or caused to be prepared a consumer report, investigative consumer report or consumer credit report for Plaintiff. (Exhibit A, ¶ 8)

9. Plaintiff worked for Foot Locker as a part-time associate until on or around October 2016. (Exhibit C, ¶ 4)

**C.    Plaintiff's Claims Against Foot Locker and Procedural History**

10. On May 16, 2017, Plaintiff filed suit in the Superior Court of the State of California, for the County of Santa Clara, claiming violations of the FCRA, CCRAA, IRCAA and California's Business and Professions Code. (Exhibit B, p. 1)

11. On June 7, 2017, Foot Locker removed the action to this Court. (Docket # 1)

12. To date, the parties have exchanged Rule 26(a)(1) Disclosures and have each served and responded to interrogatories and requests for documents. (*See* Proofs of Service, attached at Exhibit E)

**III.    LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT**

On a motion for summary judgment, the Court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

When the non-moving party bears the burden of proving the claim, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Thus, when the plaintiff fails to provide evidence of an essential element for a claim that Plaintiff bears the burden

of proving at trial, summary judgment for the defendant is appropriate. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) (citing *Celotex*, 477 U.S. at 322). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e).  In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence.  *T.W. Elec. Serv.*, *Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Rather, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Anderson*, 477 U.S. at 255. But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Id.* at 252.  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citation omitted).

## IV.    LEGAL ARGUMENT

### A.    Plaintiff's FCRA Claims Fail As a Matter of Law.

Plaintiff brings her first cause of action under the FCRA, which provides conditions for furnishing and using consumer reports for employment purposes.   15 U.S.C. 1681b(b)(2)(A) Plaintiff alleges "on information and belief," that in evaluating her and others for employment, Foot Locker "procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. 1681(d)(1)(B) and 1681a(e))" without providing proper disclosures.  (Exhibit B, ¶¶ 33-35)  Under the FCRA:

> [A] person *may not procure a consumer report,* or cause a consumer report to be procured, for employment purposes with respect to any consumer, *unless—*
>
> (i)    *a clear and conspicuous disclosure has been made in writing* to the consumer at any time *before the report is procured* or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; *and*

1          (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

2

3  15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

4        It is clear from the language of the FCRA, that a person must actually procure or cause to be procured a consumer report for a violation of 1681b(b)(2)(A) to occur. *See also Harris v. Home Depot, Inc.*, No. 15-cv-01058, 2015 U.S. Dist. LEXIS 93576, *2 (N.D. Cal. June 30, 2015) ("The FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization, so Home Depot could not have violated the statute until it procured a report on Harris."); *Espinosa v. Bluemercury, Inc.*, No. 16-cv-07202, 2017 U.S. Dist. LEXIS 41885, *7-8 (N.D. Cal. Mar. 22, 2017) ("If discovery reveals that no reports were procured, then that will probably be the end of that."); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2012 U.S. Dist. LEXIS 8626, *24 (D. Md. Jan. 25, 2012) (concluding that "until these background checks were performed, no violation of § 1681b(b)(2) had occurred.")

      Plaintiff has no evidence that any kind of consumer, investigative or consumer credit report was procured for her. Indeed, Foot Locker never procured or caused one to be procured for Plaintiff. (SOF, ¶ 8) As a result, Foot Locker could not have violated the statute. Accordingly, there is no genuine issue for trial and Foot Locker is entitled to judgment on Plaintiff's first cause of action.

      Plaintiff brings her second cause of action under Sections 1681d(a)(1) and 1681g(c) of the FCRA, claiming that Foot Locker failed to give a proper "summary of rights." Plaintiff claims, for example, that Foot Locker's disclosures: (1) did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency, (2) did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge, (3) did not state the right of a consumer to dispute information in the file of the consumer, (4) did not state the right of a consumer to obtain a credit score for a consumer reporting agency and a description of how to obtain a credit score, (5) did not state the method by which a consumer can contact and obtain a consumer report from a consumer reporting agency without charge, and (6) did not state the method by which a consumer report can contact, and obtain a consumer report from a consumer reporting agency. (Exhibit B, ¶¶ 53-58) Under Section 1681d(a) of the FCRA,

5

> A person *may not procure or cause to be prepared* an investigative consumer report on any consumer *unless—*
>
> (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written *summary of the rights* of the consumer prepared pursuant to section 1681g(c) of this title. (emphasis added)

Subsection (b) of Section 1681d(a)(1) provides:

> *Any person who procures or causes to be prepared an investigative consumer report* on any consumer *shall*, *upon written request made by the consumer* within a reasonable period of time *after the receipt by him of the disclosure* required by subsection (a)(1), *make a complete and accurate disclosure of the nature and scope of the investigation requested.* This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later. (emphasis added)

Section 1681g(c)(B) describes the "content" to be included in the summary of rights:

> (i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;
> (ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;
> (iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;
> (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;
> (v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c)[1] of the Fair and Accurate Credit Transactions Act of 2003; and
> (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w)[1] of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

15 U.S.C. §§ 1681d(a)(1) and 1681g(c).

Again, it is clear from the plain language of the FCRA, that compliance with the disclosure and summary of rights requirements of §§ 1681d(a)(1) and 1681g(c) is only triggered when a person actually *procures or causes to be prepared* a consumer report. Where, as here, no consumer or

6
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. 5:17-cv-03279-EJD

1  background report was procured for Plaintiff, Foot Locker could not have violated the disclosure or
2  summary of rights requirements.  (SOF, ¶ 8)  Foot Locker is entitled to summary judgment on
3  Plaintiff's second cause of action under the FCRA, as well.[2]

4  **B.     Plaintiff's ICRAA Claim Fails As a Matter of Law.**

5  Plaintiff brings her third cause of action alleging Foot Locker failed to make proper
6  disclosures in violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA").
7  (Exhibit B, ¶¶ 65-72) Plaintiff claims Foot Locker "procured background checks or caused
8  background checks to be procured for Plaintiff" and others "without first providing a written
9  disclosure in compliance with § 1786.16(a)(2)." (Exhibit B, ¶ 73)  Plaintiff claims she and others
10 have been injured "as a result of Defendants' illegal procurement of background reports by way of
11 their inadequate disclosures."  (Exhibit B, ¶ 75)  Section 1786.16(a)(2) of the ICRAA states, in
12 relevant part:

> *If*, at any time, *an investigative consumer report is sought* for employment purposes … *the person seeking the investigative consumer report may procure the report*, or cause the report to be made, *only if* all of the following apply:
>
> (B)     *The person procuring or causing the report to be made* provides a clear and conspicuous disclosure in writing to the consumer at any time *before the report is procured* or caused to be made in a document that consists solely of the disclosure, that:
>
> (i)  An investigative consumer report may be obtained.
>
> (ii)  The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

---

[2] Notwithstanding Foot Locker's entitlement to summary judgment, Plaintiff clearly lacks Article III standing to raise her FCRA claims because, without the procurement of a background report, Plaintiff could not have suffered an injury in fact—a concrete and particularized harm.  *See Berrellez v. Pontoon Solutions, Inc.*, No. 2:15-cv-01898, 2016 U.S. Dist. LEXIS 142174 (C.D. Cal. Oct. 16, 2016) (granting defendants' motion for summary judgment where plaintiff did not adequately establish standing because defendants did not take any action that caused plaintiff's alleged injury).

> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>
> (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.
>
> (C)   The consumer has authorized in writing the procurement of the report.

Cal. Civ. Code § 1786.16(a)(2).

As with the FCRA, a violation of ICRAA's authorization and disclosure requirements can occur *only if* a background report is procured *without first* providing a written disclosure in compliance with § 1786.16(a)(2) and obtaining written consent. There is no genuine issue for trial, because there is no evidence Foot Locker procured or caused to be made an investigative consumer report for Plaintiff. (SOF ¶ 8) Consequently, Plaintiff's ICRAA claim fails as a matter of law and Foot Locker is entitled to summary judgment.

**C.   Plaintiff's CCRAA Claim Fails as a Matter of Law.**

Plaintiff's fourth cause of action alleges that in evaluating her for employment, Foot Locker procured a credit report for her "without first providing a written notice in compliance with § 1785.20.5(a)" of the Consumer Credit Reporting Agencies Act ("CCRAA"). (Exhibit B, ¶¶ 83, 85) Plaintiff "seeks all available remedies pursuant to § 1785.31." (Exhibit B, ¶ 88)

Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> *Prior to requesting a consumer credit report* for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report… (emphasis added)

Section 1785.31 provides, in relevant part:

> (a) Any consumer *who suffers damages as a result of a violation* of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

8

> (1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
>
> (2) In the case of a willful violation:
>
>> (A) Actual damages as set forth in paragraph (1) above;
>> (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
>> (C) Any other relief that the court deems proper.  (emphasis added).

Accordingly, under the CCRAA, in addition to showing the statute was violated, actual damage is a necessary element of any claim. Cal. Civ. Code § 1785.31. "The California Court of Appeal has made clear that actual damage is properly construed as either 'an element of a CCRAA cause of action or a prerequisite to standing.'" *Duarte v. JP Morgan Chase Bank*, No. CV 13-1105, 2014 U.S. Dist. LEXIS 190291, *8 (C.D. Cal. Apr. 7, 2014) (quoting *Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628 (2007)). Here, again, Plaintiff cannot establish a violation of the CCRAA because no consumer credit report was ever procured for her. (SOF, ¶ 8) Her claim fails for this reason, alone. Beyond that, even if Foot Locker had procured such a report (which it did not), Plaintiff was hired into the position she sought and suffered no negative consequences. (SOF, ¶¶ 6, 9) For this reason, alone, Plaintiff cannot show actual damages resulted from any alleged violation, and her CCRAA claim fails on this additional, independent basis.

In an instructive case from this district, *Carvahlo v. Equifax Info. Servs., LLC*, the plaintiff brought claims under the CCRAA, claiming the defendants failed to conduct a reasonable reinvestigation of a disputed debt appearing on her credit report, and failed to adequately inform her of the reinvestigation procedures used, sending her only "boilerplate" descriptions that did not satisfy the written notice requirements of 1785(d)(4) of the CCRAA. 588 F. Supp. 2d 1089, 1099 (N.D. Cal. 2008), *affirmed by Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217 (9th Cir. 2010) (*amended by, reh'g denied by, reh'g en banc denied by, as moot Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010)). However, the plaintiff could not show the reported information was actually inaccurate. Because of that evidentiary failure, the plaintiff could not prevail in her claim that Equifax failed to provide her with proper notice of the details of its reinvestigation

procedures. The court rightly granted summary judgment for the defendants stating: "the disputed item underlying Plaintiff's 1785(d)(4) claim was accurate, and to entertain that claim would be as inconsistent with the statutes' purposes as it would be futile." *Id*. at 1100.

While the instant case alleges violations under a different notice provision of Section 1785 of the CCRAA, Plaintiff's claim that Foot Locker failed to provide adequate written disclosures before procuring a credit report fails under the same logic. Foot Locker never procured a credit report for Plaintiff. Because of this evidentiary failure, Plaintiff cannot prevail in her claim that Foot Locker failed to provide her with proper written notice. Just as the court in *Carvalho* explained, Foot Locker's disclosures, no matter how thorough or detailed, "would not have served any purpose." *Id*. at 1100.

**D.     Plaintiff Cannot Establish a Claim Under the UCL**

   **1.     Plaintiff Lacks Standing to Assert a UCL Claim.**

Plaintiff's fifth cause of action is against Foot Locker for violation of Business and Professions Code §§ 17200 et seq. ("UCL"), which is predicated on Foot Locker's purported violations of the FCRA, ICRAA and CCRAA. Plaintiff does not have standing to bring this claim, however, because she cannot establish that she "suffered injury in fact and [] lost money or property as a result of the unfair competition." *Safeco Ins. Co. of America v. Superior Ct.*, 173 Cal. App. 4th 814, 827 (2009); *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 852 (2008). To establish standing under the UCL, "there must be a causal connection between the harm and the unlawful business activity." *Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1099 (2007); *Hall*, 158 Cal. App. 4th at 852.

Here, Plaintiff lacks standing because she did cannot prove that she "lost money or property and suffered injury in fact" as a result of Foot Locker's alleged failed compliance with the FCRA, ICRAA and CCRAA. *Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628 (2007) (affirming summary judgment on UCL claim where plaintiffs failed to raise a triable issue as to whether they suffered an injury in fact or lost money or property as a result of the incomplete reports). Specifically, as set forth above, Foot Locker employed Plaintiff as a retail associate and Foot Locker never procured or caused to be prepared a consumer credit or investigative consumer

report for Plaintiff. (SOF, ¶¶ 6, 8-9) Thus, Plaintiff cannot establish that any alleged disclosure, consent or notice defect *caused* any damages. Plaintiff simply has no standing to pursue her UCL claim.

### 2. Plaintiff's Predicate Claims Fail, Therefore Her UCL Claim Also Fails.

In addition to her lack of standing, Plaintiff's UCL claim fails because Plaintiff's predicate claims fail. UCL requires a violation of the underlying law, and a defense to the predicate claim is a defense to the UCL claim. *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999); *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("[R]elief under the unfair competition law [] – stand[s] or fall[s] depending on the antecedent substantive causes of action.").

Here, Plaintiff's UCL claim is predicated upon Foot Locker's alleged illegal procurement of consumer, investigative consumer and/or consumer credit reports in connection with its hiring process without first providing proper disclosures and obtaining proper authorization in violation of the FCRA, ICRAA and CCRAA. (Exhibit B, ¶¶ 94-97) As discussed *supra*, Plaintiff's claims under these laws cannot survive because no consumer, investigative consumer and/or consumer credit reports were ever procured for Plaintiff. (SOF, ¶ 8) Thus, Foot Locker could not have violated those statutes. Because Plaintiff's underlying claims fail, Plaintiff's UCL claim too must fail.

## V.   CONCLUSION

The undisputed facts demonstrate that Foot Locker is entitled to summary judgment as a matter of law. Accordingly, Foot Locker respectfully requests that this Court enter judgment in its favor and against Plaintiff and award it all relief, including costs, to which it is justly entitled.

1  Respectfully submitted,

2  Dated:  January 29, 2018                        SHOOK HARDY & BACON L.L.P.

3
                                                   By: /s/ *Katherine R. Sinatra*
4                                                  WILLIAM C. MARTUCCI
                                                   KATHERINE R. SINATRA
5                                                  ELIZABETH A. LEE

6                                                  Attorneys for Defendants
                                                   FOOT LOCKER, INC., FOOT LOCKER
7                                                  RETAIL, INC., FOOT LOCKER CORPORATE,
                                                   INC., and FOOT LOCKER SPECIALTY, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. 5:17-cv-03279-EJD

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2018, a true and correct copy of the foregoing document was filed via the court's CM/ECF filing system and a copy was delivered via the same on all attorneys of record.

                                           */s/ Katherine R. Sinatra*

                                           Attorneys for Defendant