Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Ste. 907
Beverly Hills, California  90212
Tel:  (310) 888-7771, Fax:  (310) 888-0109

Attorneys for Plaintiff,

NELLY ZELAYA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY ZELAYA, on behalf of herself, all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FOOT LOCKER, INC., a New York corporation; FOOT LOCKER RETAIL INC., a New York corporation; FOOT LOCKER CORPORATE SERVICES, INC., a Delaware corporation; FOOT LOCKER SPECIALTY, INC., a New York corporation; and DOES 1 through 100, inclusive Limited Liability Company; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:17-CV-03279-EJD<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: May 24, 2018**<br>**Time: 9:00am**<br>**Dept: Courtroom 4 -5th Floor** |

1

**I.      Introduction.**

Foot Locker's motion is a classic example of "hiding the ball." It completely avoids the legal dispute that exists between the parties which Foot Locker is fully aware of.

Foot Locker obtained a report from a third party vendor Equifax on whether Plaintiff is eligible to work in the United States. Under the plain language of the Fair Credit Reporting Act, the Equifax report is a "consumer report" because Equifax is a "consumer reporting agency" and the report bears on Plaintiff's personal characteristics and mode of living and was used to establish eligibility for employment purposes. Therefore, the requirements of the Fair Credit Reporting Act apply.

When the parties met and conferred on the motion for summary judgment, Plaintiff informed Foot Locker that the Equifax report is a "consumer report" and why the statutory language demonstrates this. Foot Locker completely ignores the issue in its motion. Instead Foot Locker provides a declaration stating that it did not obtain a consumer report. But this statement is true only if Foot Locker's legal conclusion that a report obtained through a private vendor on immigration status is not covered by the FCRA is correct. If Plaintiff's interpretation of the statute is correct, then Foot Locker did obtain a consumer report.

Not only is Plaintiff's interpretation supported by the plain language of the statute, it is also supported by FTC interpretations set forth in opinion letters. The FTC has confirmed that where a private vendor acts as a conduit for obtaining information from the government, the FCRA applies. The FTC gives the example of a court running service which obtains copies of criminal judgments for a fee. Equifax's role here is no different. Equifax acts as a conduit to obtain information from the government on prospective applicants. Therefore, under the FTC's interpretation as well, the FCRA applies. The motion for summary judgment is based on a mistaken premise and should be denied.

//

**II.   Contrary to Its Assertions, Foot Locker Obtained a Consumer Report on Plaintiff. That is Shown by the Plain Language of the Statute.**

Foot Locker's Motion for Summary Judgment is based on an assertion that it did not obtain a consumer report on Plaintiff and therefore it is irrelevant whether its FCRA disclosure form is legally compliant. The parties have met and conferred on this issue and Foot Locker fails to properly inform the Court about what the parties' dispute is. As such the motion for summary judgment does not frame the issues to be decided.

Foot Locker obtained a report from a third party vendor Equifax on whether Plaintiff is eligible to work in the United States. Segal Decl. Exh. 1. As a matter of very straightforward statutory interpretation, that report *is* a consumer report.

Justice Frankfurter famously advised that the first rule of statutory interpretation is to "read the statute, read the statute, read the statute!" See Henry J. Friendly, Mr. Justice Frankfurter and the Reading of Statutes, in Benchmarks

The FCRA applies certain requirements including a written disclosure and authorization before an employer can obtain a "consumer report." 15 U.S.C. § 1681b(2).

A "consumer report includes "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes."15 U.S.C. 1681a(d)(1)(B).

To break it down, the definition of consumer report has the following elements:

**1) A written, oral or other communication of any information . . . .**

Is the Equifax report a written, oral or other communication of any information? Of course it is. It communicates at a minimum the information that Plaintiff is authorized to work in the United States.

//

//

**2) By a consumer reporting agency . . . .**

Is Equifax a consumer reporting agency? A consumer reporting agency is "any person which for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for purposes of furnishing consumer reports to third parties. . . ." 15 U.S.C. § 1681a(e)." Equifax charges Footlocker fees for the information it provides about employment applicants. Trigo Tr. 78:9-19.   Segal Decl. Exh. 3.

**3) Bearing on a consumer's . . . character, general reputation, personal characteristics, or mode of living . . .**

Is Plaintiff a consumer? Yes. Pursuant to 15 U.S.C. § 1681a(c) "the term 'consumer' means an individual." Plaintiff is an individual.

Is eligibility to work in the United States information bearing on "personal characteristics" or "mode of living"? That seems obvious. *See Yoke Ming Poh v. United States of America*, 2010 WL 2465503 *1 (S.D.N.Y. 2010)(referring to immigration status and "other personal characteristics"); *Williams v. United States*, 2009 WL 135-740 (D.S.D. 2009)(same).

**4) Which is used or expected to be used . . . in whole or in part for the purpose of establishing the consumer's eligibility for . . . employment purposes?**

Plainly and indisputable, the employment verification was done to establish eligibility for employment purposes. Under the plain language of the statute, the report that Foot Locker obtained from Equifax is a consumer report.

**III.    The FTC's Interpretations of the FCRA Confirm What the Plain Language of the Statute Shows.**

FTC Opinion Letters confirm that the FCRA applies where, as here, a private company obtains information from the government. For example in a June 9, 1998 Opinion Letter to, the FTC answered the following question: "*If the hospital association sets up a company to funnel criminal records requests from employer hospitals to the Highway Patrol, and the reports from*

4

*the Patrol to the hospitals from a slight fee, does the company become a reseller under the FCRA?"*

The opinion letter answers that question in the negative, but then says "Although the conduit would not be a reseller subject to Section 607(e), it would probably be a "consumer reporting agency" . . . and thus subject to other FCRA provisions applicable to CRAs." RJN Exh. 1 fn 4.

In another June 9, 1998 Opinion Letter, the FTC opined that a company that provides public criminal records information to its customers is a CRA:

> "Your company's record searches go to local courthouses and review the records to find information. If they find information on an individual, they forward either a brief abstract or copies of the docket information. At your headquarters, a report is prepared consisting of all the information reported by your agents from around the country. We believe that the activities you describe are sufficient to meet the definitional requirement of a CRA. RJN Exh 2.

These interpretations should not be at all surprising. They flow from the plain language of the statute. The FCRA expressly regulates "public record" information compiled by Consumer Reporting Agencies. 15 U.S.C. § 1681k. The FTC explains that: "Information included in consumer reports generally may include . . . public record information (e.g., arrests, judgments and bankruptcies)." 40 Years Experience With The Fair Credit Reporting Act: An FTC Staff Report With Summary of Interpretations at 1. RJN Exh. 3. The FTC similarly explains that: "A communication consisting solely of public record information is not a 'consumer report' **unless that information is provided by a CRA** . . . ." *Id*. at 21. "[W]hen a private investigator who compiles and provides court documents to employer clients requests criminal or civil records on employees or job applicants, the investigator is a CRA providing a consumer report." *Id*. at 22.

//

**IV.     Foot Locker is Fully Aware What Plaintiff's Argument is But Has Chosen to Ignore it In the Motion.**

Foot Locker's motion completely ignores the issue of whether the Equifax report is a consumer report. Foot Locker, however, is well aware of this issue and therefore it's silence must be a tactical choice to prevent Plaintiff from responding to whatever arguments Foot Locker may make.

On December 12, 2017 Plaintiff's counsel emailed Foot Locker's counsel responding to Foot Locker's contention that it did not obtain a consumer report: "Foot Locker did pull a consumer report on Plaintiff. D000034. The document in question is a consumer report because it was provided by a consumer reporting agency (Equifax) and the report from Equifax is a "written communication bearing on [plaintiff's] personal characteristics or mode of living" to be used in determining eligibility for employment. 15 U.S.C. §1681(a)(d)(1)(B). Segal Decl. Exh 4. In a December 15, 2017 email Plaintiff's counsel further explained: "We do not dispute that if the E-Verify information is obtained directly from the government by Foot Locker it would not be subject to the FCRA. But when obtained from a "Consumer Reporting Agency" it is. This is no different than the fact that you can go to the courthouse and look at records, but if you use Equifax to do a court records search the FCRA applies . . .." *Id.* The email then set forth essentially the same statutory interpretation analysis set forth in this Opposition.

Since Foot Locker has deliberately ignored this issue, this Court should disregard any arguments that it raises on this issue in reply. *See U.S. v. Diaz*, 2014 WL 1668600 *10 (D. Nev. 2014): The Court strongly cautions the parties against the sandbagging practice of filing a thin motion as a toe in the door for a more substantive reply."  In any event, it is plain that Foot Locker obtained a consumer report on Plaintiff. The motion should be denied.

//

//

SETAREH LAW GROUP

Dated: April 9, 2018                    BY   */s/ Shaun Setareh*_____
                                               SHAUN SETAREH,
                                               Attorney for Plaintiff,
                                               NELLY ZELAYA